IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| WANDA DELORIS RUFFIN, | ) |
| | ) |
| Plaintiff,[1] | ) |
| | ) |
| v. | )   CV 124-008 |
| | ) |
| MARTIN O'MALLEY, Commissioner of | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff appeals the decision of the Commissioner of Social Security ("the Commissioner") denying her application for Disability Insurance Benefits ("DIB") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** the Commissioner's final decision be **AFFIRMED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of the Commissioner.

**I.    BACKGROUND**

Plaintiff protectively applied for DIB on November 17, 2020, and she alleged a disability onset date of December 31, 2019. Tr. ("R."), pp. 10, 213, 217. Plaintiff was fifty-six years old on December 31, 2019, and was fifty-nine years old at the time the Administrative Law Judge ("ALJ") issued the decision currently under consideration. R. 21, 86, 217. Plaintiff's alleged disabilities

---

[1] The Court **DIRECTS** the **CLERK** to update the spelling of Plaintiff's name, as the record reflects it was spelled incorrectly in Plaintiff's Complaint. Compare doc. no. 1, p. 1, with, e.g., R. 1, 10, 86, 217.

are based upon chronic pain, specifically in the lower back, legs, knees, and upper extremities; high blood pressure; obesity; depression and anxiety; medicinal side effects such as drowsiness; disturbed sleep; deficits in attention, concentration, and completing tasks; and secondary inability to tend to the full spectrum of routine daily tasks.  R. 16-17, 53-55, 86-90, 255, 283, 293, 315. Plaintiff completed high school and two years of college, R. 256, and prior to her alleged disability date, accrued a history of past relevant work as medical secretary at the Medical College of Georgia, R. 20, 37, 247.

The Social Security Administration denied Plaintiff's application initially and on reconsideration.  R. 85-100.  Plaintiff requested a hearing before an ALJ, R. 120-21, and ALJ Joshua Vineyard held a hearing on March 22, 2023, R. 26.  Represented by counsel, Plaintiff appeared and testified, as did a vocational expert ("VE") Amy Vuyovich.  R. 26-61.  On April 13, 2023, the ALJ issued a decision finding Plaintiff not disabled.  R. 10-21.

Applying the sequential process required by 20 C.F.R. § 404.1520, the ALJ found:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2025.  The claimant has not engaged in substantial gainful activity since December 31, 2019, the alleged onset date (20 CFR § 404.1571 *et seq*.).

2. The claimant has the following severe impairments:  degenerative disc disease of the lumbar spine, status post remote spinal fusion; bursitis of the bilateral hips; degenerative joint disease of the right hand; degenerative joint disease of the bilateral knees; and obesity (20 CFR § 404.1520(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity [("RFC")] to perform sedentary work as defined in 20 CFR § 404.1567(a)[2] except for the following limitations:

---

[2] "Sedentary work" is defined as:

no more than occasional pushing and pulling with the bilateral lower extremities; no more than frequent handling and fingering with the bilateral upper extremities; no crawling or climbing of ladders, ropes, or scaffolds; no more than occasional balancing, stooping, kneeling, crouching, and climbing of ramps and stairs; and avoidance of all exposure to hazards such as unprotected heights and moving machinery.

The claimant is capable of performing past relevant work as a medical secretary ([Dictionary of Occupational Titles ("DOT")] code 201.362-014), which is skilled work, with an SVP of six, generally performed at the sedentary exertional level, but actually performed by the claimant at the medium exertional level. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

R. 12-20.

Because the ALJ determined Plaintiff could perform her past relevant work, the sequential evaluation process stopped, and the ALJ concluded Plaintiff was not under a disability, as defined in the Social Security Act, from December 31, 2019, the alleged onset date, through the date of the ALJ's decision. R. 20. When the Appeals Council denied Plaintiff's request for review of the ALJ's decision, R. 1-3, the Commissioner's decision became "final" for the purpose of judicial review, 42 U.S.C. § 405(g). Plaintiff then filed this civil action requesting remand, claiming two errors. Plaintiff argues the ALJ failed to address transferability of Plaintiff's skills when determining whether her prior work matched the medical secretary listing in the DOT and that the record does not support the ALJ's determination when formulating the RFC that Plaintiff can perform sedentary work. (See doc. no. 8, "Pl.'s Br.") The Commissioner maintains the ALJ was not required to consider transferable skills when determining whether Plaintiff could perform

---

lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. §§ 404.1567(a) and 416.967(a).

past relevant work and Plaintiff forfeited any issue regarding the RFC finding by failing to properly brief the issue before the Court.  (See doc. no. 10, "Comm'r's Br.")  The Commissioner further contends, in the event the Court finds Plaintiff's RFC argument not forfeited, substantial evidence supports the ALJ's RFC finding.  (See id.)

## II.   STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, and (2) whether the Commissioner applied the correct legal standards.  Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997).  When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's.  Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991).  Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding.  Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them.  Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991).  Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'"  Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239).  If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant.  Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004).  Finally, the Commissioner's findings of fact must be

grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

## III. DISCUSSION

Plaintiff argues the ALJ's determination when formulating the RFC that Plaintiff can perform sedentary work is not supported by substantial evidence. (See id. at 4.) Plaintiff also argues the ALJ failed to comply with proper legal standards by failing to address transferability of Plaintiff's skills when determining whether her prior work matched the medical secretary listing in the DOT. (See Pl.'s Br., pp. 2-4.) The Commissioner maintains the ALJ was not required to consider transferable skills when determining whether Plaintiff could perform past relevant work and Plaintiff forfeited any issue regarding the RFC finding by failing to properly brief the issue before the Court. (See Comm'r's Br.) The Commissioner further contends, in the event the Court finds Plaintiff's RFC argument not forfeited, substantial evidence supports the ALJ's RFC finding. (See id. at 9-13.)

### A. Step Four Framework for Formulating Plaintiff's RFC and Determining Ability to Return to Past Relevant Work

At step four of the sequential process, the ALJ evaluates a claimant's RFC and ability to return to past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). RFC is defined in the regulations "as that which an individual is still able to do despite the limitations caused by his or her impairments." Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004) (citation omitted). Courts have described RFC as "a medical assessment of what the claimant can do in a work setting despite any mental, physical or environmental limitations caused by the claimant's impairments and related symptoms." Watkins v. Comm'r of Soc. Sec., 457 F. App'x 868, 870 n.5 (11th Cir. 2012) (*per curiam*). Limitations are divided into three categories: (1) exertional limitations that impact the ability to perform the strength demands of a job, i.e., sitting, standing, walking, lifting, carrying, pushing or pulling; (2) non-exertional limitations that impact the ability to meet non-strength job demands, i.e., tolerating dust and fumes, appropriately responding to supervision, co-workers and work pressure, and difficulty performing manipulative or postural functions of jobs; and (3) a combination of exertional and non-exertional limitations. Baker v. Comm'r of Soc. Sec., 384 F. App'x 893, 894 (11th Cir. 2010) (*per curiam*) (citing 20 C.F.R. § 404.1569a(b)-(d)). When determining a claimant's RFC, the ALJ must consider "all the relevant medical and other evidence." Phillips, 357 F.3d at 1238.

An ALJ must also consider all of a claimant's impairments, severe and non-severe, in combination. Heatly v. Comm'r of Soc. Sec., 382 F. App'x 823, 825 (11th Cir. 2010) (*per curiam*) (citing Bowen v. Heckler, 748 F.2d 629, 635 (11th Cir. 1984)); see also 20 C.F.R. § 404.1545(a)(2) ("If you have more than one impairment. We will consider all of your medically determinable impairments of which we are aware, including your medically determinable

6

impairments that are not 'severe,' . . . when we assess your residual functional capacity."). As one of the Commissioner's policy interpretation rulings explains,

> In assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not "severe." While a "not severe" impairment(s) standing alone may not significantly limit an individual's ability to do basic work activities, it may--when considered with limitations or restrictions due to other impairments--be critical to the outcome of a claim.

Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *5 (July 2, 1996). That is, in combination with other limitations, a "not severe" impairment may prevent the return to past relevant work or narrow the range of other work that may still be available to a claimant. Id.

After determining a claimant's RFC, the ALJ evaluates whether claimant can perform past relevant work. When a claimant has an RFC allowing for performance of her past relevant work as she actually performed it *or* as generally performed in the national economy, she is not disabled. 20 C.F.R. § 404.1560(b). The claimant bears the burden showing an inability to return to her past relevant work. Schnorr v. Bowen, 816 F.2d 578, 581 (11th Cir. 1987). However, the Commissioner has a duty to develop a full and fair record, including inquiring into the specific requirements and demands of a claimant's past relevant work. Henry v. Comm'r of Soc. Sec., 802 F.3d 1264, 1267 (11th Cir. 2015) (*per curiam*); Nazario v. Astrue, No. 07-61833-CIV, 2009 WL 347424, at *16 (S.D. Fla. Feb. 11, 2009); see also Washington v. Comm'r of Soc. Sec., 906 F.3d 1353, 1356 (11th Cir. 2018) ("In processing disability claims, the ALJs do not simply act as umpires calling balls and strikes. They are by law investigators of the facts, and are tasked not only with the obligation to consider the reasons offered by both sides, but also with actively developing the record in the case."). An ALJ may rely on the knowledge and expertise of a VE to in determining whether someone in claimant's position can perform past

7

relevant work. See Simpson v. Comm'r of Soc. Sec., 423 F. App'x 882, 884 (11th Cir. 2011) (*per curiam*).

### B.     Plaintiff's RFC is Supported by Substantial Evidence

Plaintiff argues, albeit cursorily,[3] the ALJ erred when formulating Plaintiff's RFC by determining Plaintiff can perform sedentary work with additional restrictions, as the record supports less than a sedentary RFC. Pl.'s Br., p. 4. Specifically, Plaintiff argues the ALJ "neglected to evaluate" records reflecting Plaintiff's difficulty moving due to upper extremity pain and limited mobility due to knee pain and muscle spasms. Id. (citing "Medical Record, Occupational Therapy Initial Evaluation, ProActive Rehabilitation and Wellness" and "Medical Records, Alliance Spine and Pain Center").

The ALJ's discussion of these records and limitations discussed by Plaintiff states, in relevant part:

> The claimant asserts she is disabled due to . . . degenerative joint disease of the right hand; degenerative joint disease of the bilateral knees . . . , along with the aforementioned "non-severe" medically determinable impairments.
>
> . . .
>
> As for the medical evidence, first, remote records from Eisenhower AMC, from 2018, show the claimant has bilateral degenerative joint disease of the knees. For example, a treatment note from Mr. Hulse, from June 21, 2018, references x-ray

---

[3] The Commissioner argues "Plaintiff forfeited th[is] issue when she failed to cite to the record and presents an argument generally devoid of substance," (doc. no. 10, p. 8), while further arguing, if Plaintiff's argument is not forfeited, the RFC is supported by substantial evidence. The Court notes Plaintiff's counseled brief failed to comply with the Local Rules of this Court. See L.R. 7.1 ("Every factual assertion in a motion, response, or brief shall be supported by a citation to the pertinent page in the existing record or in any affidavit, discovery material, or other evidence filed with the motion."); see also Supplemental Rules for Social Security Review Actions Under 42 U.S.C. § 405(g), Rule 5 ("A brief must support assertions of fact by citations to particular parts of the record."). However, given the Court can discern Plaintiff's arguments and finds them without merit, the Court declines to find Plaintiff's arguments waived. See Walker v. Comm'r, Soc. Sec. Admin., 835 F. App'x 538, 542 n.1 (11th Cir. 2020) ("As the government notes, Walker's argument on this issue [lacks] any attempt to apply the law to the facts of this case. He has thus abandoned the issue by failing to develop his arguments. . . . Regardless, we find that his argument is without merit." (citing Hamilton v. Southland Christian Sch., Inc., 680 F.3d 1316, 1318 (11th Cir. 2012))).

imaging confirming degenerative joint disease of the knees, which Mr. Hulse was treating with injections.

. . .

On May 3, 2019, Ms. Armstrong noted the claimant complained of right-hand pain with signs of tenderness.  Ms. Armstrong requested an MRI of the claimant's right hand, and on June 4, 2019, Ms. Armstrong diagnosed the claimant with DeQuervain's syndrome, although the MRI showed only mild signs.  Ms. Armstrong recommended conservative treatment.

. . .

Continuation of care records from Dr. Wilkinson and Ms. Armstrong, from June 17, 2021, to October 6, 2021, are unremarkable and show no pain complaints.

Ongoing records from Dr. Shah's office, including records from Ms. Eicher and Ms. Mears, up to October 15, 2021, show continued pain management with occasional signs of tenderness and positive straight leg raise testing but otherwise unremarkable physical examinations without the need for more aggressive intervention.  Records from the VA and Ms. Armstrong, up to February 2022, are likewise unremarkable.  Then, on June 15, 2022, the claimant met with Dr. Millen for a physical consultative examination arranged by the State Agency.  Upon examination, Dr. Millen reported essentially no abnormal findings.  He reported intact ranges of motion throughout, full strength, a normal gait and station without an assistive device, normal grip, no loss of sensation, and normal neurological findings.

. . .

Prior to the alleged onset date, imaging of the claimant's knees showed degenerative joint disease.  This impairment has responded well to Euflexxa injections, and it forms the basis for little, if any, treatment during the period at issue.  Images predating the alleged onset date also find degenerative joint disease in the claimant's right hand, which remains untreated and the subject of few, if any, complaints during the period at issue.

Overall, the physical examinations remain mostly unremarkable, save for only occasional findings of hip-related tenderness to palpation between injections and positive straight leg raise testing findings.  The claimant retains a normal gait, as well as full strength and sensation.  Additionally, the claimant's ongoing activities of daily living support the limitations provided.

Notwithstanding her age, the claimant has sedentary past relevant work, and she would be able to return to said work as it is generally performed.  The medical evidence of record does not fully support the degree of severity, frequency, or

duration of the alleged symptoms and limitations, and the record warrants no additional limitations beyond those adopted in the residual functional capacity.

. . .

[T]he prior administrative medical findings indicate severe physical impairment with limitation to a light range of exertion with additional postural and environmental limitations. The medical evidence of record is partially consistent with these determinations, and the consultants' findings somewhat support their conclusions. However, the fully developed evidentiary record warrants some further reduction in terms of limitation including restriction to a sedentary range of exertion. Further, the record warrants limitation to frequent fingering due to arthritis. The undersigned finds these determinations no more than somewhat persuasive.

. . .

In sum, the undersigned has considered the entire record including clinical findings, results of diagnostic studies, medical and non-medical opinions, the claimant's subjective allegations, and the combined effect of all of the claimant's impairments and find that the residual functional capacity as set forth above is an accurate reflection of the claimant's residual functional capacity. Specifically, the undersigned finds the claimant has severe impairments resulting from her . . . degenerative joint disease of the right hand; degenerative joint disease of the bilateral knees . . . and that those impairments reasonably restrict her to a range of sedentary work as above reduced by non-exertional limitations.

R. 15-19 (citations omitted).

To start, Plaintiff correctly suggests the ALJ did not specifically evaluate the Occupational Therapy Initial Examination provided by ProActive Rehabilitation & Wellness. Pl.'s Br., p. 4; R. 957-60 (Occupational Therapy Initial Examination, labeled Exhibit 9F); see also R. 15-20 (ALJ's RFC assessment). However, the ALJ is not required to discuss every piece of evidence so long as the Court is able to conduct meaningful judicial review. Gogel v. Comm'r of Soc. Sec., Case No. 220-CV-366, 2021 WL 4261218, at *9 (M.D. Fla. Sept. 20, 2021) (citing Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005), and 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1)). Plaintiff also contends the ALJ failed to consider the medical records from Alliance Pain and Spine, but the record belies this contention. See R. 17 ("Ongoing records from Dr. Shah's office, including

10

records from Ms. Eicher and Ms. Mears, up to October 15, 2021, show continued pain management with occasional signs of tenderness and positive straight leg raise testing but otherwise unremarkable physical examinations without the need for more aggressive intervention." (citing R. 873-913, Medical Records from Alliance Pain and Spine Centers)).

The Court finds the RFC is supported by substantial evidence. The ALJ carefully examined evidence from various medical providers and Plaintiff's own testimony showing the extent to which her limited mobility, upper extremity pain, knee pain, and muscle spasms impacted the assessment of Plaintiff's RFC. See R. 15-19 (citing R. 35-55, 86-99, 114, 120-21, 217-18, 254-71, 277-300, 303-07, 314-16, 427-31, 435, 465-70, 478-81, 537-44, 547-48, 568, 571-575, 604-10, 623-25, 674-956, 961-67). The ALJ did not find Plaintiff could perform all ranges of work with *no* limitations. The ALJ instead included several exertional limitations in the RFC that specifically relate to functional limitation evidence before the ALJ, including those which relate to Plaintiff's claimed limitations. The RFC limits Plaintiff to only sedentary work and further limits Plaintiff to no more than occasional pushing and pulling with the bilateral lower extremities and no more than frequent handling and fingering with the bilateral upper extremities. R. 15. The RFC further limits Plaintiff to no more than occasional balancing, stooping, kneeling, crouching, and climbing of ramps and stairs, precludes crawling or climbing of ladders, ropes, or scaffolds, and limits Plaintiff's exposure to various workplace hazards. Id. at 15-16. There is substantial evidence supporting each of those limitations. Plaintiff still maintains the RFC does not include limitations related to Plaintiff's difficulty moving. However, as explained, the RFC does include such restrictions and Plaintiff identifies no specific error in the ALJ's reasoning not to include additional restrictions beyond those included in the RFC.

Moreover, to the extent Plaintiff contends the ALJ's RFC assessment was deficient because he did not rely on an "RFC assessment of a treating or examining physician," Pl.'s Br., p. 4, she appears to rely on outdated regulations applying to claims filed before March 27, 2027. "For claims filed on or after March 27, 2017, the ALJ will not defer or give any specific evidentiary weight, including controlling weight to any medical opinion(s) or prior administrative medical finding(s). This regulation abrogated our earlier precedents applying the treating-physician rule, which required good cause to discount a treating physician's opinion." Sturdivant v. Soc. Sec. Admin., Comm'r, No. 22-13952, 2023 WL 3526609, at *3 (11th Cir. May 18, 2023) (*per curiam*) (citations and internal quotes omitted); 20 C.F.R. § 416.920c(a) (explaining ALJ does not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's own] medical sources"); see also Harner v. Soc. Sec. Admin., Comm'r, 38 F.4th 892, 897 (11th Cir. 2022) (explaining 2017 revision eliminated the treating-physician rule and prohibits ALJs from "defer[ring] or giv[ing] any specific evidentiary weight, including controlling weight to any medical opinion(s)" (citations omitted)). Because Plaintiff's application for benefits was filed in 2020, R. 217-18, the cases cited by Plaintiff are inapposite and the ALJ was not required to rely on the assessment of a treating physician.

All in all, the RFC is consistent with the record evidence. While one could credit the evidence differently to justify adding further limitations in the RFC, that is not the province of the Court. The Court's job is not to review the administrative record *de novo*, but rather is to review the record for substantial evidence to support the Commissioner's factual findings, and if so found, uphold the Commissioner even if the evidence preponderates in favor of the claimant. See

Crawford, 363 F.3d at 1158-59; Moore, 405 F.3d at 1211.  The RFC here is supported by substantial evidence.

      **C.**     **The ALJ Did Not Err in Determining Plaintiff Could Perform Past Relevant Work**

Here, it is undisputed that Plaintiff has past relevant work as a medical secretary and Plaintiff could not perform the work as she performed it.  R. 58-60, 314-15; Pl.'s Br., p. 2; see also Comm'r's Br., p. 5.  However, the ALJ found, consistent with the VE's testimony, Plaintiff "is able to perform as a medical secretary, as generally performed in the national economy" and correctly concluded Plaintiff cannot be considered disabled as a result.  R. 20; see 20 C.F.R. § 404.1560(b).  More specifically, medical secretary is classified as "skilled work, . . . generally performed at the sedentary exertional level, but actually performed by the claimant at the medium exertional level."  R. 20.  Because the ALJ found Plaintiff could perform sedentary work with some limitations, she could perform her past relevant work as a medical secretary, albeit not as she specifically performed it.  Id.  In response, Plaintiff argues the ALJ's determination that she could perform as a medical secretary "as generally performed in the national economy" was improper because the ALJ did not "determine whether her skills were unique to the employer" or consider Plaintiff's "transferability of skills and the market."  Pl.'s Br., pp. 2-3.

Plaintiff misunderstands the relevant considerations at step four of the sequential evaluation process.  As noted above, when a claimant has an RFC allowing for performance of her past relevant work as she actually performed it *or* as generally performed in the national economy, she is not disabled, and the sequential evaluation process stops at step four.  20 C.F.R. § 404.1560(b).  If the ALJ finds a claimant can perform past relevant work and is not disabled at step four, the ALJ "will not consider your vocational factors of age, education, and work experience."  20 C.F.R. § 404.1560(b)(3); see also Camacho v. Saul, No. 19-63152-CIV, 2021

13

WL 2580355, at *5 & n.2 (S.D. Fla. Apr. 15, 2021) ("[T]he ALJ was not required to address Plaintiff's language abilities at step four because a claimant's vocational skills, such as English proficiency, are not relevant at this phase of the sequential evaluation process."). Only if the ALJ finds the claimant cannot perform past relevant work at step four and proceeds to step five do transferable work skills become relevant. See 20 C.F.R. § 404.1520(g); Engram v. Colvin, No. 1:12CV388-MHT, 2013 WL 4442023, at *9 (M.D. Ala. Aug. 15, 2013) ("Vocational factors such as education must be considered at *step five*, not at step four." (citing 20 C.F.R. § 404.1520(f)).

Here, because "the regulations clearly state that the ALJ is not required to consider Plaintiff's vocational factors when determining whether she can complete her past relevant work," Plaintiff's argument the ALJ should have considered her vocational factors of age and transferable skills fails. Pena v. Comm'r of Soc. Sec., No. 2:20-CV-343-SPC-MRM, 2021 WL 3116130, at *12 (M.D. Fla. July 7, 2021), *adopted by* 2021 WL 3111640 (M.D. Fla. July 22, 2021). The ALJ properly determined Plaintiff "is able to perform as a medical secretary, as generally performed in the national economy" without reference to her vocational factors and correctly concluded Plaintiff cannot be considered disabled as a result. R. 20; see 20 C.F.R. § 404.1560(b). Plaintiff makes no argument her past relevant work was incorrectly classified as medical secretary, and only takes issue with the ALJ's determination Plaintiff could perform her past relevant work as generally performed, not as Plaintiff performed it. However, under the relevant regulations, either Plaintiff's past relevant work as she actually performed it *or* as generally performed in the national economy may be used as the basis for finding Plaintiff not disabled. 20 C.F.R. § 404.1560(b). Accordingly, Plaintiff fails to demonstrate the ALJ erred when determining she could perform past relevant work at step four.

### IV.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the Commissioner's final decision be **AFFIRMED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of the Commissioner.

SO REPORTED and RECOMMENDED this 9th day of July, 2024, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA